E. E. OWENS ET AL. *v.* J. J. FORD ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—613.]

**Creditors of Husband Subjecting Wife's Property.**
> Where land is purchased by the husband for the wife and conveyed to the wife before the creation of a debt of the husband, such creditor can have no claim on such debt against such land.

APPEAL FROM GRAVES CIRCUIT COURT.

February 2, 1882.

OPINION BY JUDGE HARGIS:

The land was purchased by the husband for the wife, before the creation of the debt sued on, in pursuance of an agreement made with her by him that if she would allow him to sell the land which descended to her in the state of Tennessee and use the proceeds he would purchase for her another tract equally as valuable. She was invested, by deed from the vendor, with the legal title before the institution of this action, which was brought to set it aside as fraudulent, and having paid to her husband an ample pecuniary consideration for it, she is entitled to the land and the deed should have been held valid, as against the appellees.

The case of *Latimer v. Glenn,* 2 Bush (Ky.) 535, settles the question as above decided and upon facts which are very much alike those of this case, and do not differ from them in any essential particular.

The testimony of the witnesses to the facts recited is uncontradicted and their characters are unimpeached, and we know of no authority to disregard such evidence and its legitimate effect.

Wherefore the judgment is *reversed* and cause remanded with directions to dismiss appellees' petition.

*D. G. Park, for appellants.*